NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VINCENT CURTIS CONYERS,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-2010

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-4423, Judge Joseph L. Toth.

---

Decided:  July 20, 2026

---

VINCENT CURTIS CONYERS, Uniondale, NY, pro se.

ELINOR JOUNG KIM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before REYNA, HUGHES, and STOLL, *Circuit Judges*.

2                                                              CONYERS v. COLLINS

PER CURIAM.

Vincent Conyers, proceeding pro se, appeals from the final decision of the United States Court of Appeals for Veterans Claims denying his Veteran Readiness and Employment program benefits for self-employment.  For the following reasons, we affirm.

## BACKGROUND

### I

As this case is before us for a second time, this portion of the background has been taken from our prior decision in *Conyers v. McDonough* (*Conyers I*), 91 F.4th 1167 (Fed. Cir. 2024).

The United States Department of Veterans Affairs administers the Veteran Readiness and Employment (VR&E) program.  The VR&E program is designed to provide benefits and services "to help veterans integrate themselves into the civilian work force."  *Conyers I*, 91 F.4th at 1168 (citation omitted).  In 2013, Mr. Conyers applied for VR&E program benefits.  After Mr. Conyers submitted various questionnaires and met with a VA counselor, the VA rejected his claim "because his chosen vocational goal was not feasible."  *Id.* at 1168–69 (citation omitted).  Mr. Conyers requested administrative review of the VA's decision to reject his VR&E program claim.  The VA promptly issued a decision finding that Mr. Conyers had not identified a reasonably feasible vocational goal.  Mr. Conyers appealed to the Board of Veterans' Appeals.  The Board affirmed the VA's decision that Mr. Conyers's plan for self-employment was "not suitable for his circumstances" and thus denied his claim.  *Id.* at 1169 (citation omitted).  Mr. Conyers appealed the Board's decision to the Veterans Court.

During the appeal before the Veterans Court, Mr. Conyers made multiple requests, including through motions

to compel, that certain documents be added to the administrative record.[1] In response, the VA served Mr. Conyers amended versions of the record and arranged for him to review his file. The VA refused to add other documents to the record on grounds that the documents had not been before the Board or constructively possessed by the Board.

On April 9, 2020, the Veterans Court denied a motion to compel the VA to add the additional documents to the record, finding Mr. Conyers's arguments that the documents were constructively possessed by the Board to be without merit. In support, the Veterans Court cited its decision in *Euzebio v. Wilkie* (*Euzebio I*), 31 Vet. App. 394 (2019). In *Euzebio I*, the Veterans Court held that for a document to be deemed constructively possessed by the Board, the appellant must establish a "direct relationship" between a document and the appellant's claim (before the Board). *Conyers I*, 91 F.4th at 1169 (citing *Euzebio I*, 31 Vet. App. at 401–02). Citing *Euzebio I* and referring to its "direct relationship" test, the Veterans Court concluded that Mr. Conyers had "not shown how the documents are relevant to the issue on appeal or that he is prejudiced." *Id.* (citation omitted). Mr. Conyers filed a motion for reconsideration, which the Veterans Court denied.

Subsequent to the April 2020 Order, this court decided *Euzebio v. McDonough* (*Euzebio II*), 989 F.3d 1305 (Fed. Cir. 2021), which was the appeal from *Euzebio I*. In *Euzebio II*, we concluded that the "direct relationship" standard adopted by the Veterans Court in *Euzebio I* was erroneous. *Conyers I*, 91 F.4th at 1169 (citing *Euzebio II*, 989 F.3d at 1321). We held that the correct standard for constructive possession is "relevance and reasonableness."

---

[1] The "administrative record" is also sometimes referred to as the "record before the agency" (RBA). *See* Appx 8. "Appx" refers to the Appendix filed by Appellant. ECF No. 11.

*Id.* (citing *Euzebio II*, 989 F.3d at 1321).  Citing *Euzebio II*, Mr. Conyers moved the Veterans Court for reconsideration of the April 2020 Order.

In March 2021, the Veterans Court issued an order that denied the motion for reconsideration and noted that "any argument that Mr. Conyers has concerning what materials may be considered constructively before the Board can be dealt with during the [Veterans] Court's review of the merits of his appeal."  *Id.* (alteration in original) (citation omitted).

In August 2022, the Veterans Court issued a single-judge decision affirming the Board's rejection of Mr. Conyers's appeal.  As to the issue of constructive possession, the decision stated the completeness of the record had already been adjudicated by the Veterans Court's April 2020 order wherein the Veterans Court determined that the VA satisfied its obligation to provide a complete record.

In September 2022, Mr. Conyers moved for a panel decision, arguing that the Veterans Court had overlooked this court's decision in *Euzebio II*.  His request for a panel decision was granted, but the panel affirmed the single-judge decision without addressing or mentioning *Euzebio II*.  The panel concluded that Mr. Conyers had failed to demonstrate that the single-judge order overlooked or misunderstood a fact or point of law prejudicial to the outcome of the petition or that there was any conflict with precedential decisions of the court.  Mr. Conyers appealed to this court, and that appeal resulted in our *Conyers I* decision.

## II

In *Conyers I*, we held that the Veterans Court "applied an erroneous legal standard for constructive possession" to Mr. Conyers's case.  91 F.4th at 1172.  We noted that, although Mr. Conyers raised the *Euzebio II* decision before the Veterans Court after it issued, the court did not address or mention *Euzebio II* in any of its subsequent decisions.

*Conyers I*, 91 F.4th at 1170.  Thus, we vacated the Veterans Court's decision and remanded the matter for the court to apply the correct *Euzebio II* "relevance and reasonableness" legal standard of constructive possession "in its review of Mr. Conyers'[s] claim that certain documents be made part of the administrative record and considered in the review of his appeal of the denial of his application for [VR&E] program benefits." *Conyers I*, 91 F.4th at 1172.

On remand, a panel of the Veterans Court applied the *Euzebio II* standard to the 169 documents Mr. Conyers requested be added to the administrative record, and it determined that the Secretary was not required by constructive possession to amend the administrative record to include any additional documents.  The panel therefore denied Mr. Conyers's motion disputing the contents of the administrative record and returned the case to the assigned judge.  On reconsideration, in a single-judge decision, the Veterans Court ultimately affirmed the Board's decision denying Mr. Conyers's claim for VR&E benefits.  Mr. Conyers then filed the instant appeal.

## DISCUSSION

On appeal, Mr. Conyers makes the following arguments:  (1) the Veterans Court used the wrong legal standard in its constructive possession analysis, *see* Appellant's Br. 35; (2) the Veterans Court improperly applied the legal standard for constructive possession, *see* Appellant's Br. 20–25; (3) the Veterans Court improperly acted as a factfinder, Appellant's Br. 11; and (4) the Veterans Court violated Mr. Conyers's due process rights, Appellant's Br. 32–38.  Our limited jurisdiction to review decisions of the Veterans Court allows us to review and decide "all relevant questions of law, including interpreting constitutional and statutory provisions."  38 U.S.C. § 7292(d)(1); *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).  "Absent a constitutional issue, however, we lack the juris-

diction to 'review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.'" *Wanless*, 618 F.3d at 1336 (quoting 38 U.S.C. § 7292(d)(2)).

We begin with Mr. Conyers's argument that the Veterans Court applied the wrong legal standard to its constructive possession analysis, namely, that the Veterans Court applied a heightened legal standard in its analysis. *See* Appellant's Br. 35 ("By excluding the documents Appellant identified . . . , the [Veterans Court] applied legal standards to Appellant's claim and appeal that [are] considerably higher than standards applied to . . . other similarly situated individuals.") "[W]e have authority to decide whether the Veterans Court applied the correct legal standard." *Euzebio II*, 989 F.3d at 1317 (alteration in original) (quoting *Sneed v. Shinseki*, 737 F.3d 719, 724 (Fed. Cir. 2013)).

We see no legal error with the standard applied by the Veterans Court. "The correct standard for constructive possession . . . is relevance and reasonableness." *Id.* at 1321 (citation omitted). "Relevance requires that the document tend to prove or disprove a material fact." *Id.* at 1324 (citation omitted). The Veterans Court summarized that the "VA constructively possesses a document when (1) the Secretary has actual or constructive knowledge of the document, (2) the document tends to prove or disprove a material fact, and (3) the document predates the Board decision." Appx 10. We see no legal error (nor has Mr. Conyers pointed us to a legal error) in the Veterans Court's articulation of the standard for constructive possession as set forth in *Euzebio II*. We therefore affirm the Veterans Court as to this portion of Mr. Conyers's appeal.

We next turn to Mr. Conyers's various arguments that the Veterans Court improperly *applied* the constructive possession standard to its review. *See* Appellant's Br. 25.

More particularly, Mr. Conyers argues that the Veterans Court's application of the constructive possession doctrine amounted to a "heightened 'evaluation of evidence' standard that inappropriately require[d] for such documents to compel the specific result of substantiating" his VR&E claim. *Id.* As this argument pertains to the Veterans Court's application of law to the facts of Mr. Conyers's case, we lack jurisdiction to consider this portion of Mr. Conyers's appeal. 38 U.S.C. § 7292(d)(2).

We next turn to Mr. Conyers's argument that the Veterans Court exceeded its jurisdiction by "erroneously engag[ing] in fact-finding and weighing of the evidence of record in the first instance," Appellant's Br. 11 (capitalization normalized), and we review this question de novo. *Stinson v. McDonough*, 92 F.4th 1355, 1360 (Fed. Cir. 2024) ("Whether the Veterans Court exceeded its jurisdiction is a question of law that this court reviews de novo."). Mr. Conyers contends that the Veterans Court erred in performing the constructive possession analysis on the documents at issue because it "cannot, in the first instance, find facts nor weigh the evidence while conducting its review." Appellant's Br. 11 (citing, e.g., *Stinson*, 92 F.4th at 1360–66).

Mr. Conyers urges that the Board, rather than the Veterans Court, should have performed the constructive possession analysis on the documents Mr. Conyers sought to add to the administrative record. *See* Appellant's Br. 12–14. We disagree. The question of whether the Board had constructive possession of the requested documents "is a question for the Veterans Court." *Conyers I*, 91 F.4th at 1172. The Veterans Court was not legally required to remand the case to the Board, as the Veterans Court routinely decides whether the Board constructively possessed documents. *See Euzebio II*, 989 F.3d at 1318 ("In keeping with its appellate review of Board and VA determinations, the Veterans Court may, under certain circumstances, consider 'documents that were not literally before

an examiner to be constructively part of a claimant's record.'" (citation omitted)).  We therefore affirm the Veterans Court regarding this portion of Mr. Conyers's appeal.

Finally, we turn to Mr. Conyers's argument that the Veterans Court violated his due process rights.  Appellant's Br. 32–38.  Mr. Conyers argues the Veterans Court "denied [him] a full and fair hearing when [it] predicated its single-judge memorandum decision on the merits of the underlying . . . VR&E claim and administrative appeal on an incomplete record of proceedings" since the Veterans Court allegedly "precluded relevant evidence that was actually and constructively before the Secretary, the Board, and [the] Board Chairman."  Appellant's Br. 34.  As stated previously, we see no error with the legal standard applied by the Veterans Court to its constructive possession analysis, and the Veterans Court's application of that standard to the facts of Mr. Conyers's case is beyond our jurisdiction.  And to the extent Mr. Conyers has put a "due process" label on his contention that the Veterans Court improperly excluded documents from the administrative record through its constructive possession analysis, "his claim is constitutional in name only."  *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).  Mr. Conyers's characterization of this issue "as constitutional in nature does not confer upon us jurisdiction that we otherwise lack."  *Id.*  We therefore lack jurisdiction to consider this portion of Mr. Conyers's appeal.

## CONCLUSION

We have considered Mr. Conyers's remaining arguments but find them unpersuasive.  For the foregoing reasons, we affirm.

## AFFIRMED

### COSTS

No costs.